[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #130
The plaintiff, Joseph Rigoglioso, filed a two-count complaint against the defendant, Stevens Ford, Inc. (Stevens Ford) on March 8, 1996. The plaintiff alleges in count one that after placing a down payment on an automobile from Stevens Ford, the automobile did not work properly. The plaintiff then returned the vehicle and revoked acceptance of the automobile, demanding tender of a conforming vehicle. The plaintiff alleges that Stevens Ford has failed to perform its obligation under the sales contract or refund the plaintiff's down payment. The plaintiff alleges in count two that Stevens Ford assigned its rights under the retail contract to Ford Motor Credit Co. (Ford Motor), that Ford Motor has been notified of the plaintiff's revocation of acceptance of the automobile, but that Ford Motor continues to make demand for payment from the plaintiff.
On March 20, 1997, Stevens Ford filed a third party complaint, naming Ford Motor as third party defendant, alleging that Stevens Ford purchased the subject automobile from Ford Motor, and that any defect in the automobile was the fault of Ford Motor. The plaintiff then filed a cross complaint against Ford Motor as third party defendant on November 14, 1997.
On December 15, 1997, Ford Motor filed a motion to dismiss CT Page 975 on the ground that the plaintiff's cross complaint was filed more than twenty days from the date Ford Motor first appeared as a third party defendant. The plaintiff has filed no opposition to Ford Motor's motion to dismiss. The matter was heard by the court on January 12, 1998.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . ." (Internal quotation marks omitted.)Sadlowski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995).
General Statutes § 52-102a(c) provides in pertinent part: "The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint. . . ."
Ford Motor filed its first appearance on April 7, 1997. The plaintiff's cross claim was filed on November 14, 1997. Two hundred and twenty-one days elapsed, therefore, from Ford Motor's first appearance and the plaintiff's cross claim. Accordingly, Ford Motor's motion to dismiss the plaintiff's cross claim is granted.
SKOLNICK, JUDGE